## James Butts v. David S. Hazelrigg, etc.

**Vendor and Purchaser—Conditions Precedent—When Cause of Action Accrues for Purchase Money—Interest—Cost:**

By the terms of the writing evidencing the sale to appellant, the purchase money was not due appellee until he performed the conditions precedent of having the land run out and a sufficient deed made, and interest on the deferred payment did not begin to run until that was done.

**Same—Cost.**

When the suit was brought appellee had not made and tendered appellant a sufficient deed. The money was not due until that was done, nor had he until then any cause of action, and therefore not entitled to cost.

APPEAL FROM BATH CIRCUIT COURT.

October 11, 1871.

OPINION BY JUDGE PETERS:

For the fatal errors herein set forth the judgment complained of must be reversed.

First—By the terms of the writing evidencing the sale to appellants he, in payment for the land, was to assign a note on J. H. Roberts to appellee for $2,805, due 17th of March, 1866, which had been assigned to him by W. R. Maupin, and after deducting the amount of said note and interest the balance to make up the price of the land, $333.33. Butts was to pay in money after deducting $55 price of a cow, "all to be done as soon as the land is run out and the deed *made to Butts.*" From this language it is most evident that the money was not due, and appellee had no right to demand it until he performed the conditions precedent of having the land run out, the deed made and tendered was adjudged insufficient, the conveyance by sufficient deed was not made till the 23d of March, 1871, and interest on the purchase money should have been computed only from that date instead of from the 16th of March, 1866, as was erroneously fixed by the judgment.

Nor can appellee complain of that, for from all that appears in the record he could as easily have made the deed within one month from the day of the contract on the 22d of January, 1867, as when it was made. And if he had done so appellant, as appears from the evidence, could have effected a sale to Maupin at an advance on his purchase of $666.66; of this profit he was deprived by the delay of appellee in making the deed.

Second—Appellant charges in a cross-petition that appellee owed him $24 for rent on the land—which appellee admits in an answer to said cross-petition he did owe, but the judgment fails to credit appellant with that sum, which should have been done of date the first day of January, 1868, but no interest to be computed on it.

And *last*—When this suit was brought in 1868, appellee had not made and tendered to appellant a sufficient deed for the land; the one he tendered was adjudged insufficient, the money, as we have already seen, was not due till that was done, nor had he till then any cause of action—and it was therefore erroneous to adjudge any costs against appellant which had accrued in

this suit until the 23d of March, 1871, when a sufficient deed was tendered—but up to that period he was entitled to his costs.

For these errors the judgment must be *reversed* and the cause remanded with directions to enter a judgment and for further proceedings consistent herewith for all subsequent costs after the tender of the deed of the 23d of March, 1871—appellant is liable—and if he fails to pay the amount found to be due as herein indicated, appellee's lien on the land should be enforced.

*Nesbitt, for appellant.*

*Reid & Hazelrigg, for appellee.*